**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

TREY DAYES
Arizona Bar No. 020805
treyd@phillipslaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Brennan, a single woman,<br><br>Plaintiff,<br><br>vs.<br><br>Banner Medical Group, an Arizona Corporation; Banner Health, an Arizona Corporation; Banner Health Network, an Arizona Corporation; Banner Health Holding Company, L.L.C. a Delaware limited liability company,<br><br>Defendants. | No.:<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

This is an action for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.

## **NATURE OF THE CASE**

1. Plaintiff Karen Brennan was discriminated against on the basis of her age and wrongfully retaliated against and terminated in violation of the ADEA.

---

Complaint and Demand for Jury Trial                                                                                                Page 1

2. All conditions precedent to jurisdiction under the ADEA have been met, to wit: Plaintiff, Karen Brennan ("Plaintiff" or "Ms. Brennan") timely filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff has brought this lawsuit within ninety days of the date Plaintiff received the EEOC's notice of right to bring suit which was issued on or about February 15, 2013.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 29 U.S.C. §§ 626(c), 633 of the ADEA and 28 U.S.C. § 1331.

4. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

5. Venue is proper under 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to the claims occurred in this District.

6. On January 23, 2013, Plaintiff timely filed her initial charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), charge No. 540-2013-01028, alleging, *inter alia*, age discrimination and retaliation.

7. On or about February 15, 2013, the EEOC issued Plaintiff a Notice of Right to Sue.

8. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the ADEA.

## PARTIES

9. Plaintiff is a single woman residing in Maricopa County, Arizona.

10. At all relevant times, Plaintiff was an "employee" within the meaning of the ADEA, 29 U.S.C. § 630(f).

11. At all relevant times, Ms. Brennan was over 40 years of age and thus is protected under the ADEA, 29 U.S.C. § 631.

12. At the time of her termination, Ms. Brennan was employed as a Registered Nurse for Banner Health, Inc.

13. Banner Medical Group, an Arizona Corporation; Banner Health, an Arizona Corporation; Banner Health Network, an Arizona Corporation; Banner Health Holding Company, L.L.C. a Delaware limited liability company have common ownership, directors, and members and their domestic address is identical for each. As such they shall collectively be referred to as "Banner" for purposes of this Complaint.

14. Defendants Banner Medical Group, Banner Health, and Banner Health Network are corporations incorporated in the State of Arizona, having its principal place of business at 1441 North 12th Street Phoenix, Arizona 85006.

15. At all relevant times Banner was Plaintiff's "employer" within the meaning of 29 U.S.C. § 630(b).

## GENERAL ALLEGATIONS

16. Plaintiff began working for Banner in September of 1979 as a staff Registered Nurse.

17. Plaintiff received many promotions, including becoming the Clinical Manager of

the Post Anesthesia Care Unit in 2004.

18. In September of 2011, Plaintiff stepped down as the clinical manager so she could return to her staff RN duties.

19. Plaintiff has over 30 years of positive accommodations from other staff, letters of gratitude from patients, and consistently exceeded standards on her employment reviews.

20. After Plaintiff stepped down as clinical manager, many team members still sought out Plaintiff's advice to the dismay of the new manager.

21. On August 1, 2012 Plaintiff left on vacation. Plaintiff returned on August 8th and was immediately sent home. Banner informed Plaintiff that "some things had come up" while she was on vacation.

22. On August 9th, Plaintiff was terminated. Plaintiff was not given a reason for her termination.

23. At the time of termination, Plaintiff was 59 years old.

24. Upon information and belief, as of September 1, 2012, other similarly situated RN's, who were younger and had less production than Plaintiff, were not terminated.

25. Upon further information and belief, Plaintiff was replaced by an individual that is considerably younger than plaintiff without any of the requisite experience and expertise Plaintiff brought to the position.

**Exhaustion of Administrative Remedies**

26. On January 23, 2013, Plaintiff timely filed her initial charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), charge No.

540-2013-01028, alleging, *inter alia*, age discrimination and retaliation. On or about February 15, 2013, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff has commenced suit within ninety days of receipt of the right to sue notice.

# COUNT ONE
## ADEA-Discrimination
### (Violation of 29 U.S.C. § 621 *et seq.*)

27. Plaintiff incorporates and adopts paragraphs 1 through 26 above as if fully set forth herein.

28. 29 U.S.C. § 623 states, in part:

> (a) **Employer Practices.** It shall be unlawful for an employer --
> (1) to fail or refuse to hire or to discharge any individual o otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . .
>
> (d) **Opposition to unlawful practices; participation in investigations, proceedings, or litigation.** It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

29. Plaintiff was and is a protected individual under the ADEA within the meaning of 29 U.S.C. § 631(a).

30. Defendant violated the ADEA by discriminating against Plaintiff with respect to the terms and conditions of her employment and by terminating Plaintiff because of her age.

31. As a result of this violation of the ADEA by Defendant, Plaintiff is an "aggrieved person" within the meaning of § 626 of the Act and has suffered damage for which she is entitled to legal and to equitable relief as provided in the Act, 29 U.S.C. § 626(b) and (c) and under the FLSA, 29 U.S.C. § 216.

32. As a result of the foregoing, Plaintiff is entitled to legal and equitable relief including compensatory damages sufficient to make Plaintiff whole for all losses suffered as a result of Defendant's unlawful discrimination, liquidated damages and to restore to her all seniority, pension and other benefits she would have had but for the unlawful discrimination is necessary and appropriate relief and will effectuate the purposes of the ADEA.

33. Upon information and belief, Defendant's violation of the ADEA was willful so as to subject Defendant to liability for liquidated damages under 29 U.S.C. § 626(b) and 29 U.S.C. § 216 in an amount equal to Plaintiff's monetary damages.

34. By virtue of one, more or all of the foregoing violations of the ADEA as alleged above, Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay.

35. By virtue of one, or all of the foregoing violations of the ADEA as alleged above, Plaintiff has been damaged and suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages all of which she is entitled to recover from Defendants plus pre-judgment interest, attorneys' fees and costs.

36. The actions of Defendants were done in reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to recover punitive damages and

1  exemplary damages.

## COUNT TWO
## <u>Declaratory Judgment</u>

37. Plaintiffs incorporate and adopt paragraphs 1 through 36 above as if fully set forth herein.

38. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

39. Plaintiff may obtain declaratory relief.

40. Defendants employed Plaintiff.

41. Defendants are enterprises covered by the ADEA.

42. Plaintiff is individually covered by the ADEA.

43. Plaintiff was discriminated against by Defendants because of her age, in violation of 29 U.S.C. § 621 et seq.

44. Plaintiff is entitled to an equal amount of liquidated damages as Defendant's violation of the ADEA was willful.

45. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the ADEA.

46. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the ADEA.

47. The declaratory judgment action further terminates and affords relief from

uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff prays for a judgment against the Defendants:

A. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202 that Defendant violated the ADEA by discriminating against Plaintiff because of her age;

B. Ordering Defendant to make Plaintiff whole for all losses she has suffered as a result of the unlawful discrimination and in order to effectuate the purposes of the ADEA;

C. Awarding liquidated damages in an amount equal to Plaintiff's monetary damages in favor of Plaintiff against Defendant pursuant to 29 U.S.C. § 626 (b).

D. Awarding pre-judgment interest to Plaintiff on all lost wages and other monetary damages.

E. Awarding Plaintiff's attorneys' fees and the costs of the action against Defendant pursuant to 29 U.S.C. § 216(b) and 626(b).

F. Granting Plaintiff such other and further relief as the court deems just and proper.

## DAMAGES

48. As a direct and proximate result of the breach of Plaintiff's rights in each of the above mentioned claims for relief, Plaintiff sustained and continues to sustain economic and non-economic injuries including, but not limited to, loss of income, benefits, mental anguish and emotional distress. Plaintiff is entitled to compensation for the harm and damages resulting from the Defendants' unlawful acts.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

A. A declaration that Defendants have violated the ADEA;

B. Preliminary and permanent injunctive relief against Defendants ordering Plaintiff's immediate reinstatement with all seniority, benefits, and back-pay; or in the alternative, providing Plaintiff with compensation and benefits she otherwise would have enjoyed through employment;

C. An award against Defendants for compensation for lost and future wages and benefits, including pre and post judgment interest;

D. An award against Defendants for all economic and non-economic damages;

E. Special damages to be proven at trial;

F. Punitive and exemplary damages to be proven at trial;

G. Pre-judgment and post-judgment interest;

H. An award of attorneys' fees and costs pursuant to 29 U.S.C. §§ 216(b) and 626(b);

I. Awarding liquidated damages in an amount equal to Plaintiff's monetary damages in favor of Plaintiff against Defendant pursuant to 29 U.S.C. § 626 (b);

J. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated:  April 17, 2013                    Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

/s/Trey Dayes
Trey Dayes
Arizona Bar No. 020805
Email: treyd@phillipslaw.com
Attorney for Plaintiff